UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:16-cv-63016-XXXX

KENICKAY PRENDERGAST,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff KENICKAY PRENDERGAST ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant MIDLAND CREDIT MANAGEMENT, INC ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute §559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

*I.*    *THE FAIR DEBT COLLECTION PRACTICES ACT*

1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

3. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4. Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of §1692d set forth a non-exhaustive list of practices that fall within this ban. 15 U.S.C. §1692d.

5. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, of which includes: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

6. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive."). The eight subsections of §1692f set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> …
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. §1692f.

7. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. The rights and obligations established by section 1692g were considered by the Senate to be a "significant feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, §1692g mandates, inter alia, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt,

> or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. §1692g.

## II. THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

8. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. See Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

9. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall:

"[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

10. The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp.*,* 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

11. Furthermore, in situations involving an assigned consumer debt, the FCCPA requires specialized notice above-and-beyond that required by the FDCPA, whereby such notice must precede any debt collection activates. *See* Fla. Sta. §559.715 ("the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." (emphasis added)).

12. As set forth in more detail below, Defendant violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

**JURISDICTION AND VENUE**

13. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C §1331, and 28 U.S.C §1337.

14. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

15. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

16. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

17. Defendant is a Kansas corporation, with its principal place of business located in San Diego, California.

18. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

19. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

20. At all times material hereto, Defendant has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. §1.01(3)).

## FACTUAL ALLEGATIONS

21. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

22. The Consumer Debt represents an alleged unpaid balance Plaintiff had accrued on account at the retailer Lane Bryant, whereby such account was a line of credit allotted to Plaintiff by Comenity Bank, the original creditor.

23. The current creditor of the Consumer Debt is Midland Funding LLC.

24.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

25.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

26.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

27.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

28.     On or about November 11, 2016, Defendant sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

29.     The Collection Letter constitutes "collection activity" within the meaning of §559.715 of the FCCPA.

30.     Plaintiff did not receive any written notice of assignment of the Consumer Debt at least thirty (30) days before collection activity of the Consumer Debt began.

## VIOLATION OF THE FDCPA AND FCCPA

*I.*   *RELATIONSHIP BETWEEN THE FDCPA & FCCPA*

31.     In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464

F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. §1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

32. Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. §559.552. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

## II.     THE LEAST SOPHISTICATED CONSUMER STANDARD

33.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010). Several courts have applied this standard when analyzing certain claims under the FCCPA. *See* Palm Coast Recovery Corp. v. McGinness, Case No. 08-40-CC, 17 Fla. L. Weekly Supp. 286a (Fla. 2nd Cir. Ct. 2009) (wherein the court interpreted the FCCPA in conjunction with case law requiring an objective least-sophisticated standard and stated that "it would appear to this court that the intent of the [FCCPA] is to assist an unsophisticated debtor/defendant in any attempt to pay on a consumer debt"); Green, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

## III.     ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS

34.     The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.' Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

35. To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

36. Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of §559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." Foxx, 971 F. Supp. 2d 1106, 1114 (citing Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

## COUNT I.
## VIOLATION OF THE FDCPA

37. Plaintiff incorporates by reference paragraphs 21-36 of this Complaint as though fully stated herein.

38. As a result of Defendant's forgoing FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FDCPA – No. 1*

39.     Defendant violated §1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff. In short, Defendant wrongfully mislead the least sophisticated consumer into believing he or she was protected and/or entitled to certain rights and/or protections, at law, when, in reality, the consumer was not.

40.     On the front of the Collection Letter, Defendant directs and/or advises all consumers, without limitation, to read the back of the Collection Letter because it contains important information. *See* Collection Letter. ("**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**." (emphasis in original)). It is without question that Defendant's advisory of "*see reverse side for important disclosure information*" causes the least sophisticated consumer to believe that the information on the back of the letter *is* important for the consumer to know, without exception.

41.     On the reverse side of the Collection Letter, Defendant lists a series of rights and/or laws as applying to residents of certain states. For example, Defendant states, in relevant part: "**For residents of California**: *… except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. [Debt collectors] may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.*" *See* Collection Letter (emphasis added).

42.     Regardless of whether the rights Defendant articulates for residents of California *is* true for residents of California, these rights are *true* for residents of Florida. Yet, dispute advising Plaintiff to *read the back of the letter because it contains important information*, Defendant did

not inform Plaintiff that residents of Florida are *also guaranteed the very same rights* (to wit, those rights referenced in the preceding paragraph).

43.     By and through the Collection Letter, Defendant unlawfully deceives the consumer in two ways – *first*, the least sophisticated consumer is told that the information on the back of the Collection Letter is "important" – and *second* – the so-called "important" information Defendant directed to the least sophisticated consumer's attention is limited to a series of rights and/or protections that are exclusive to residents of *other states*. Yet, the deception caused by the sum of these aspects of the Collection Letter are utterly dwarfed by the harmonious deception caused by such aspects as a whole.

44.     Most notably, by and through the Collection Letter's language, the consumer is lead to believe an erroneous negative implication, to wit, that he or she is **_not protected_** by any of the rights and/or protections Defendant articulates on the back of the Collection Letter. This is, of course, the only logical conclusion of the Collection Letter's language – i.e. – the consumer is advised that the rights depicted on the back of the Collection Letter, all of which was limited explicitly limited to *NON-FLORIDA RESIDENTS*, is *IMPORTANT INFORMATION* for the consumer to know. *See* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)); *See, e.g.*, Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1369 (M.D. Fla. 2002) (a collection letter which stated that "the consumer would incur 'substantial amounts of attorney fees and costs'" if a law suit was filed "is a false representation and misleading to the least sophisticated consumer" because such an outcome is not certain to occur).

45. Furthermore, due Defendant's decision to *include* irrelevant state specific discourses and *exclude* an adequate explanation for Florida residents, the least sophisticated consumer is just as likely to believe the opposite – to wit – that the consumer ***is protected*** by all or some of the rights and/or protections needlessly disclosed in the Collection Letter because the least sophisticated consumer is not capable of realizing what is required for the consumer to qualify for such protections and/or rights. *See also* Gonzales, 660 F.3d 1055 at 1063 ("[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.").

### *VIOLATION OF THE FDCPA – No. 2*

46. Defendant violated 15. U.S.C. §1692g(a) by failing to adequately inform Plaintiff of the rights, as well as how to exercise such rights, of which Plaintiff is entitled pursuant to 15 U.S.C. §1692g(a). With respect to §1692g(a)(1)-(5), merely quoting statutory language, whether in-full or in-part, does not adequately inform the consumer of the rights he or she is allotted, let alone the nuances involved in exercising such rights. To satisfy the mandatory notice requirements of §1692g(a)(1)-(5), "[a] debt collector must ensure that notice of the right to dispute the debt is actually conveyed to the consumer, and that the notice is conveyed effectively, [whereby,] [t]he effectiveness of the notice is based on an objective standard of the manner in which a "least sophisticated consumer" would interpret the notice." In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla.); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ("'the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives.'"). Legislation must undoubtedly be drafted with sufficient specificity; however, the *vagueness doctrine* does not contemplate the *least sophisticated consumer*.

47.     Section 1692g(a) was not crafted to protect only those individuals capable of interpreting it, as such woeful irony was not the legislature's intention. *See* DeCapri v. Law Offices of Shapiro Brown & Alt, L.L.P., 2014 WL 4699591 (E.D. Va. Sept. 19, 2014) (no requirement that a debt collector quote the language of §1692g(a) verbatim); Furth v. United Adjusters, Inc., 1983 U.S. Dist. LEXIS 20368 (D. Or. Nov. 17, 1983). Rather, the burden ensuring the consumer understands his or her rights is the burden of those whom are availing themselves to the FDCPA's governance, to wit, debt collectors. Moreover, it bears emphasis that the full breadth of §1692g(a), much like the rest of the FDCPA, is relative to the applicable jurisdiction's legislative interpretation thereof. More pointedly, there is no national consensus as to what §1692g(a) mandates and/or how the rights contained there are to be exercised by consumers.

48.     Most critically, to believe that the least sophisticated consumer has the ability to fully grasp the rights he or she is endowed under §1692g(a) – simply by regurgitating the statutory language and/or language similar thereto in a collection letter – is not only ridiculous – but it also requires *two* sweeping assumptions: (1) the *least sophisticated consumer* is able to interpret language which is read differently by attorneys, judges, and courts alike; and (2) the *least sophisticated* consumer's interpretation of §1692g(a) would be the interpretation utilized by our jurisdiction.

### *VIOLATION OF THE FDCPA – No. 3*

49.     Defendant violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail. Defendant, by and through the Collection Letter, sought to collect the Consumer Debt from Plaintiff. In short, the envelope used to mail the Collection Letter displayed a Quick Response ("QR") code through the transparent window of the envelope. Such QR code is located on the upper-left portion of the

Collection Letter. Under the same facts as the instant case (differing only by the fact that, the instant case involves a QR code) the court in Palmer v. Credit Collection Servs. explicitly articulates why Defendant violated the FDCPA by displaying bar code through the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] … forbids the debt collector from "[u]sing any language or symbol" on the envelope sent to a consumer to collect a debt. The bar code, of course, is a symbol. Thus, it is undeniable that §1692f(8) forbids the appearance of the bar code through the transparent window of the envelope sent to the debtor. We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd. *See* Id. at 302-03. An oft-cited example of absurdity in this context would be to read the statute to disallow the debt collector from affixing a stamp to the envelope. *See* Id. at 303.
>
> Congress, for example, could have described or attempted to describe in §1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the FDCPA. Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business." *See* §1692f(8). This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." *See* §1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of §1692f(8).
>
> We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015).

### *VIOLATION OF THE FDCPA – No. 4*

50.     Defendant violated §1692f(1) of the FDCPA by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection of such because the Consumer Debt was assigned and Plaintiff did not receive proper notice thereof.

51.     As set forth in more detail above, the Consumer Debt is governed by both the FDCPA and FCCPA. Under the FCCPA (specifically, §559.715, Fla. Stat.) the debtor of a consumer debt must receive written notice of the debt's assignment *at least* thirty (30) days *before* any collection activity may occur – thus – the provision of a written notice in compliance with Fla. Stat. §559.715 is a *condition precedent* to the lawful collection of such a debt. Here, Plaintiff did not receive a written notice of the Consumer Debt's assignment that complied with to Fla. Stat. §559.715 thirty (30) days prior to the receipt of the Collection Letter. Because Plaintiff did not receive written notice in compliance with Fla. Stat. §559.715, Defendant was without the authority necessary to collect the Consumer Debt from Plaintiff – and thus – by and through the Collection Letter, Defendant violated §1692f(1).

### *VIOLATION OF THE FDCPA – No. 5*

52.     Defendant violated §1692f(1) of the FDCPA by attempting to collect the Consumer Debt from Plaintiff without the express statutory right, or contractual right, necessary seek the lawful collection thereof.

53.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – section 1692g(a). As set forth in more detail above, Defendant violated §1692g(a), and as a result, Defendant was stripped of any authority it *may have* had to

*lawfully* seek the collection of the Consumer Debt. Thus, Defendant violated §1692f(1) by attempting to collect the Consumer Debt without the authority necessary to lawfully seek the collection thereof.

## COUNT II.
## VIOLATION OF THE FCCPA

54. Plaintiff incorporates by reference paragraphs 21-36 of this Complaint as though fully stated herein.

55. As a result of Defendant's forgoing FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

### *VIOLATION OF THE FCCPA – No. 1*

56. Defendant violated Fla. Stat. §559.72(9) by attempting to collect the Consumer Debt, by and through the Collection Letter, despite having no lawful authority to seek the collection thereof, as the Consumer Debts was an assigned debt and Plaintiff did not receive proper written notice of such assignment.

57. As set forth in more detail above, the Consumer Debt is governed by the FCCPA. Pursuant to the FCCPA (specifically, §559.715, Fla. Stat.), the debtor of a consumer debt must receive written notice of the debt's assignment *at least* thirty (30) days *before* any collection activity may occur – thus – the provision of a written notice in compliance with Fla. Stat. §559.715 is a *condition precedent* to the lawful collection of such a debt. Here, Plaintiff did not receive a written notice of the Consumer Debt's assignment that complied with to Fla. Stat. §559.715 thirty (30) days prior to the receipt of the Collection Letter. Thus, Defendant, knowingly engaged in unlawful collection activity, by and through the Collection Letter, because Plaintiff did not receive

written notice of the Consumer Debts' assignment *at least* thirty (30) before receipt of the Collection Letter.

### *VIOLATION OF THE FCCPA – No. 2*

58.     Defendant violated Fla. Stat. §559.72(9) by knowingly seeking the collection of the Consumer Debt without the authority necessary to lawfully seek the collection thereof.

59.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – section 1692g(a). As set forth in more detail above, Defendant violated §1692g(a), and as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt. Thus, by failing to provide such notice/disclosures to Plaintiff in conformance with 15 U.S.C. §1692g(a), Defendant knew that, by dispatching the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt from Plaintiff.

### *VIOLATION OF THE FCCPA – No. 3*

60.     Defendant violated Fla. Stat. §559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful.

61.     As set forth in more detail above, the Consumer Debt is a debt governed by the FDCPA, and thus, to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA – in particular – section 1692f(8). Defendant knowing engaged in unlawful conduct in attempting to collect the Consumer Debt from Plaintiff, to wit, Defendant unlawfully displayed a QR Code on the envelope Defendant used to mail the Collection Letter in violation of §1692f(8) of the FDCPA. Accordingly, because full compliance with the FDCPA is necessary for Defendant to maintain lawful collection authority of applicable debt, Defendant knowingly sought

the unlawful collection of the Consumer Debt from Plaintiff. <u>Kaplan v. Assetcare, Inc.</u>, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000) (in determining what constitutes a misrepresentation of a legal right under §559.72(9) of the FCCPA, the court "must refer to other statutes that establish the legitimacy of a debt and define legal rights.").

## DEMAND FOR JURY TRIAL

62.   Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)   Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)   Statutory and actual damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)   An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)   Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

(e)   Any other relief that this Court deems appropriate and just under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: December 25, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi                                  .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:      855-529-9540

AND

 /s/ Thomas J. Patti                                   .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:   954-543-1325
Fax:      954-507-9975

*COUNSEL FOR PLAINTIFF*